**FILED**
JEANNE A. NAUGHTON, CLERK

NOV 0 5 2018

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY_____ DEPUTY

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>**TERRY E. MILLER and<br>NICAURY MILLER,**<br><br>              Debtors. | Case No.:      17-33747 (JKS)<br><br>Judge:        Sherwood |
| **TERRY E. MILLER and<br>NICAURY MILLER,**<br><br>              Plaintiffs,<br><br>vs.<br><br>**FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION (FANNIE MAE), a<br>corporation,**<br><br>              Defendant. | Adv. Pro. No.:   18-01247 (JKS) |

## DECISION AND ORDER REGARDING DEFENDANT'S MOTION
## TO DISMISS ADVERSARY COMPLAINT

The relief set forth on the following pages, numbered three (3) through fourteen (14), is hereby **ORDERED**.

HONORABLE JOHN K. SHERWOOD
UNITED STATES BANKRUPTCY JUDGE

Dated:    November 5, 2018

**Page 2**

| | |
|---|---|
| Debtor: | Terry E. Miller and Nicaury Miller |
| Case No.: | 17-33747 (Adv. Pro. No. 18-01247 JKS) |
| Caption of Order: | **Decision and Order Regarding Defendant's Motion to Dismiss Adversary Complaint** |

## <u>APPEARANCES</u>

**Law Office of Michelle Labayen**

Michelle Labayen, Esq.

24 Commerce Street, Suite 1300

Newark, New Jersey 07102

***Counsel for Plaintiffs***

***Terry E. Miller and Nicaury Miller***

**Stern, Lavinthal & Frankenberg, LLC**

Jeanette F. Frankenberg, Esq.

105 Eisenhower Parkway, Suite 302

Roseland, New Jersey 07068

***Counsel for Defendant***

***Federal National Mortgage Association***

**Page 3**

| | |
|---|---|
| Debtor: | Terry E. Miller and Nicaury Miller |
| Case No.: | 17-33747 (Adv. Pro. No. 18-01247 JKS) |
| Caption of Order: | **Decision and Order Regarding Defendant's Motion to Dismiss Adversary Complaint** |

**WHEREAS:**

1.  On May 21, 2018, Terry E. Miller and Nicaury Miller ("<u>Plaintiffs</u>") filed this adversary proceeding against Federal National Mortgage Association ("<u>Defendant</u>") seeking, among other things, a judgment against Defendant disallowing and expunging its proof of claim.  On June 19, 2018, Defendant filed an answer.[1]  On August 7, 2018, Defendant moved to dismiss the case for Plaintiffs' failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (made applicable by Bankruptcy Rule 7012(b)) and the Rooker-Feldman doctrine. Plaintiffs filed opposition to the motion and a hearing was conducted on September 12, 2018 where this Court reserved decision pending review of supplemental filings to be submitted by the parties.[2]

2.  Having reviewed the pleadings and having heard the arguments of counsel, and for the reasons set forth below (and discussed on the record at the hearing), the Court finds that it does not have jurisdiction to decide one of Plaintiffs' claims under the Rooker-Feldman doctrine, and that all of Plaintiffs' claims are barred by the Entire Controversy doctrine.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

3.  On November 28, 2007, Plaintiffs purchased real property located at 350 Putnam Road, Union, New Jersey 07083 and executed a note and mortgage.  The note and mortgage holders were Countrywide Bank, FSB ("<u>Countrywide</u>") and Mortgage Electronic Registration Systems.  On August 3, 2009, the mortgage was assigned to BAC Home Loans Servicing LP ("<u>BAC</u>") as servicer for Bank of America.  Thereafter, on or about July 23, 2010, Plaintiffs

---

[1] Complaint and Answer, ECF Nos. 1 and 5.
[2] Motion to Dismiss and Opposition, ECF Nos. 7, 8, 10, 11 and 12.

**Page 4**

| | |
|---|---|
| Debtor: | Terry E. Miller and Nicaury Miller |
| Case No.: | 17-33747 (Adv. Pro. No. 18-01247 JKS) |
| Caption of Order: | **Decision and Order Regarding Defendant's Motion to Dismiss Adversary Complaint** |

entered into a loan modification agreement with BAC, where $88,115.58 of the principal

balance was deferred and interest was not charged on that portion.[3]  Bank of America later

assigned the mortgage to Defendant and on October 1, 2011, Seterus Inc. ("Seterus")

commenced collection on Defendant's behalf.  On October 17, 2011, Plaintiffs received a

Notice of Intent to Foreclose from Seterus stating they owed past-due payments from July

2011 through October 2011, an escrow shortage, and the $88,115.58 deferred balance on the

principal.  Plaintiffs immediately contested the amount claimed by Seterus to be due.[4]

4. On April 29, 2015, Defendant commenced foreclosure on Plaintiffs' property in Union

County Superior Court ("Foreclosure Action").[5]  Plaintiffs filed an answer which raised

multiple defenses and counterclaims.[6]  In the Foreclosure Action, Plaintiffs admitted that they

had entered into a mortgage agreement with Countrywide."[7]  But they also: (1) alleged the

mortgage was procured by fraud, false pretense, false promise and/or misrepresentations;

(2) alleged Defendant violated the Truth in Lending Act by failing to provide accurate

material disclosures or notices of the right to rescind the mortgage; (3) claimed the cause of

any loss to Defendant was its own negligence; (4) alleged Defendant lacked standing and/or

was not a real party in interest; (5) contested Defendant's claim because it was not calculated

in the manner prescribed by the note, did not provide an accurate account of Plaintiffs'

payments, and charged excessive fees; (6) alleged the chain of title of the loan was broken

---

[3] Supplement to Defendant's Motion to Dismiss, ECF No. 12, at Exs. C, D and E and Foreclosure Complaint, ECF No. 7, at Ex. A, p. 3.
[4] Complaint, ECF No. 1, at ¶¶ 23-25.
[5] Foreclosure Complaint, ECF No. 7, at Ex. A.
[6] State Court Answer, Defenses and Counterclaims, ECF No. 7, at Ex. B.
[7] Supplement to Defendant's Motion to Dismiss, ECF No. 12, at Ex. A, p. 19.

**Page 5**

| | |
|---|---|
| Debtor: | Terry E. Miller and Nicaury Miller |
| Case No.: | 17-33747 (Adv. Pro. No. 18-01247 JKS) |
| Caption of Order: | **Decision and Order Regarding Defendant's Motion to Dismiss Adversary Complaint** |

and there was never an assignment and that Defendant violated the Consumer Fraud Act by forging signatures to complete the mortgage assignment; and (7) alleged Defendant provided forgiveness of the $88,115.58 deferred loan amount.[8]  Despite these allegations, the state court dismissed Plaintiffs' counterclaims, granted Defendant's motion for summary judgment, denied Plaintiffs' two motions for reconsideration, and denied Plaintiff's objection to the amount due on the final judgment.[9]   On October 31, 2017, Defendant received a Final Judgment of Foreclosure ("Foreclosure Judgment") which fixed the amount of its claim at $531,259.88 (plus $5,462.60 in counsel fees).[10]

5.  Rather than appeal the state court's decision, Plaintiffs filed their bankruptcy petition on November 27, 2017 and their Adversary Complaint on May 21, 2018.  Count 1 alleges Defendant violated Federal Rule of Bankruptcy Procedure 3001(c) by failing to provide supporting documentation for its proof of claim.  Count 2 claims Defendant failed to prove it is a real party in interest because it did not produce the original note and mortgage with Plaintiff Nicaury Miller's signature.  Count 3 asserts Defendant breached its duty of care owed to Plaintiffs by charging unnecessary fees and improperly accounting for payments, resulting in overpayment.  Count 4 alleges Defendant committed fraud by filing false documents bearing Plaintiff Nicaury Miller's forged signature.[11]

---

[8] State Court Counterclaims, ECF No. 7, at Ex. B and ECF No. 12, at Ex. A, p. 20.
[9] ECF No. 7, at Exs. C-F, H.
[10] State Court Foreclosure Judgment, ECF No. 7, at Ex. I.
[11] Complaint, ECF No. 1.

**Page 6**

| | |
|---|---|
| Debtor: | Terry E. Miller and Nicaury Miller |
| Case No.: | 17-33747 (Adv. Pro. No. 18-01247 JKS) |
| Caption of Order: | **Decision and Order Regarding Defendant's Motion to Dismiss Adversary Complaint** |

6.  Defendant argues the Rooker-Feldman doctrine prevents this Court from exercising subject matter jurisdiction over Plaintiffs' claims. Plaintiffs assert that their claims of fraud on the Court are "independent" claims and thus are not barred.

## The Rooker-Feldman Doctrine

7.  The Rooker-Feldman doctrine prohibits federal courts from exercising jurisdiction over cases filed in federal court that are essentially appeals from state court judgments.[12] The doctrine recognizes that federal district courts (and bankruptcy courts) lack jurisdiction to conduct federal appellate review over state court judgments.[13] In this case, the Foreclosure Judgment issued by the state court in favor of the Defendant established the validity of the note and mortgage, the amount of Defendant's claim against the Plaintiffs, Defendant's right to foreclose on Plaintiffs' property, and that Defendant had standing to pursue these claims as the holder of the note and mortgage. It would certainly appear that the Plaintiffs are asking this Court to review and modify these holdings.

8.  In the 1990s, the Third Circuit Court of Appeals described Rooker-Feldman as prohibiting lower federal courts from entertaining federal claims that (1) were previously adjudicated in state court or (2) are inextricably intertwined with a prior state court decision.[14] This two-part "either/or" test would seem to be satisfied by the Defendant here. Indeed, a review of case law and legal commentary reveals that this test resulted in a broad application of the Rooker-Feldman doctrine.

---

[12] *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010).
[13] See *Id.* at 164.
[14] See *Guarino v. Larsen*, 11 F.3d 1151, 1156-57 (3d Cir. 1993).

**Page 7**

| | |
|---|---|
| Debtor: | Terry E. Miller and Nicaury Miller |
| Case No.: | 17-33747 (Adv. Pro. No. 18-01247 JKS) |
| Caption of Order: | **Decision and Order Regarding Defendant's Motion to Dismiss Adversary Complaint** |

9. But in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*,[15] the Supreme Court narrowed the scope of Rooker-Feldman. The Court noted that the doctrine was being "extend[ed] far beyond the contours of the *Rooker* and *Feldman* cases." It suggested that in situations where state courts had ruled on issues pending in the district court, the district court should apply preclusion law to the matter before it as opposed to using Rooker-Feldman to deny jurisdiction altogether.[16]

10. After *Exxon Mobil*, the Third Circuit, in *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, established a new Rooker-Feldman four-part test barring federal courts from exercising jurisdiction if: "(1) the federal plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgments, (3) those judgments were rendered before the federal suit was filed, and (4) the plaintiff is inviting the district court to review and reject the state court judgments."[17] Thus, the Third Circuit has moved away from the "inextricably intertwined" analysis discussed above, replacing it with a four-part test requiring that all of the four elements be satisfied.[18] This was recognition on the part of the Third Circuit that the application of Rooker-Feldman had to be narrowed following the Supreme Court's decision in *Exxon Mobil*.

11. More recently, in *In re Philadelphia Entertainment & Development*, the Third Circuit narrowly applied the Rooker-Feldman doctrine in a case where a state court license revocation order was challenged as a fraudulent conveyance in a bankruptcy case. The Court held that the

---

[15] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517 (2005).
[16] *Id.* at 283, 293-94.
[17] *Great Western Mining*, 615 F.3d at 166.
[18] *Id.* at 170.

**Page 8**

Debtor:             Terry E. Miller and Nicaury Miller
Case No.:           17-33747 (Adv. Pro. No. 18-01247 JKS)
Caption of Order:   **Decision and Order Regarding Defendant's Motion to Dismiss Adversary Complaint**

bankruptcy court did have jurisdiction to hear the case even though the fraudulent conveyance

claim and the claim covered by the state court judgment had overlapping issues.  The Court

stated that for purposes of the Rooker-Feldman doctrine, "a federal court can address the same

issue and reach a conclusion contrary to a judgment by the first court, as long as the federal

court does not reconsider the legal conclusion reached by the state court."[19]  The takeaway

from *Exxon Mobil, Great Western* and *Philadelphia Entertainment* is that Rooker-Feldman

should be applied more narrowly now than in the past.  All four of the *Great Western*

requirements must be met for a case to be dismissed for lack of jurisdiction under Rooker-

Feldman.

12. Parts one and three of the *Great Western* test are easily satisfied here.  Plaintiff lost in state

court and the Foreclosure Judgment was entered before this adversary proceeding was filed.

The more difficult issue in this case is with the second and fourth factors.  Are the Plaintiffs

complaining of injuries caused by the Foreclosure Judgment (second factor) and are Plaintiffs

inviting this Court to review and reject the Foreclosure Judgment (fourth factor)?  In *Great*

*Western*, the Court examined the second factor as "an inquiry into the source of the plaintiff's

injury" and found, where "the source of [plaintiff's] injury is the defendant's actions (and not

the state court judgments), the federal suit is independent even, if it asks the federal court to

deny a legal conclusion reached by the state court."[20]  It suggested that the timing of the injury

was a "useful guidepost" and that the question was "whether the injury complained of in federal

court existed prior to the state-court proceedings and thus could not have been 'caused by'

---

[19] *Philadelphia Entm't & Dev. Partners, LP v. Dep't of Revenue*, 879 F.3d 492, 501-02 (3d Cir. 2018).
[20] *Great Western Mining*, 615 F.3d at 166-67.

**Page 9**

Debtor:              Terry E. Miller and Nicaury Miller
Case No.:            17-33747 (Adv. Pro. No. 18-01247 JKS)
Caption of Order:    **Decision and Order Regarding Defendant's Motion to Dismiss Adversary Complaint**

those proceedings."[21]  Frankly, this second part of the *Great Western* test seems to eliminate the Rooker-Feldman defense in virtually all cases except those cases before a district court or bankruptcy court that are blatant "appeal like" attacks on state court judgments.  In almost all cases, the alleged bad acts of the prevailing party occur before the state court judgment is entered.  It follows that the losing party in state court could allege the same bad acts in a subsequent federal court case and take a "second bite of the apple" so long as the claim in federal court is not couched as a direct attack on the state court judgment.

13. In the present case, the Plaintiffs have taken this path.  The Complaint describes injuries caused by Defendant's alleged conduct, not the entry of the Foreclosure Judgment. Counts 1 and 2 allege Defendant violated Federal Rule of Bankruptcy 3001(c) and Federal Rules of Civil Procedure 17(a) and (b) by failing to provide supporting documentation for its proof of claim -- specifically, the original note and mortgage with Plaintiff Nicaury Miller's signature.  These claims are attacks on the Defendant's proof of claim filed with the bankruptcy court.  Even though the claims call the merits of the Foreclosure Judgment into question, they are not, technically speaking, direct challenges to it.  Thus, these claims will not be dismissed under Rooker-Feldman.  Count 3 asserts Defendant violated the loan modification agreement and injured Plaintiffs by charging unnecessary fees and improperly accounting for escrow payments resulting in overpayment.  This claim appears to be a rehash of arguments made before and decided by the state court.  This Court does not have jurisdiction to overturn the decision of the state court as it relates to the allegations in Count 3 under Rooker-Feldman.

---

[21] *Id.* at 167.

**Page 10**

| | |
|---|---|
| Debtor: | Terry E. Miller and Nicaury Miller |
| Case No.: | 17-33747 (Adv. Pro. No. 18-01247 JKS) |
| Caption of Order: | **Decision and Order Regarding Defendant's Motion to Dismiss Adversary Complaint** |

Count 4 alleges Defendant committed fraud by filing false documents bearing Plaintiff Nicaury Miller's forged signature.  Plaintiff Nicaury Miller further alleges the signature on the original note and mortgage is not her original signature but a signature created by a machine used to mechanically sign documents ("robo sign").  She asserts she did not provide Defendant with permission to robo sign her signature and that such action constitutes a fraud against the Court. Count 4 will not be dismissed under Rooker-Feldman.  As with Counts 1 and 2, this claim is based on documents submitted to the bankruptcy court that were allegedly forged.  To summarize, except for Count 3, the Plaintiff has not satisfied the second element of the *Great Western* test and the Court will not dismiss Counts 1, 2 and 4 based on Rooker-Feldman.

14. Plaintiffs also rely on *Frank Petrelli v. JP Morgan Chase N.A.* (*In re Petrelli*),[22] an unreported bankruptcy case from the Southern District of New York where, like here, the debtor alleged the signature on his note was fraudulent.  The debtor argued that the note attached to the creditor's proof of claim varied from the note it produced in its state foreclosure action.[23]  JP Morgan Chase failed to address any of plaintiff's allegations of fraud.[24]  Rather, it argued that its foreclosure judgment should be given preclusive effect under Rooker-Feldman.  But the court rejected this argument stating that: "The allegations arise from the creditor's filing of a proof of claim in this court, which did not exist at the time of the foreclosure.  Moreover, the state court could never have ruled on whether a proof of claim is valid as that is a purely

---

[22] *Frank Petrelli v. JP Morgan Chase N.A.*, 17-09040 (CGM), (S.D.N.Y. Apr. 4, 2018).
[23] *Id.* at 2.
[24] *Id.* at 4.

**Page 11**

Debtor:                Terry E. Miller and Nicaury Miller
Case No.:              17-33747 (Adv. Pro. No. 18-01247 JKS)
Caption of Order:      **Decision and Order Regarding Defendant's Motion to Dismiss Adversary Complaint**

bankruptcy issue."[25]  Thus, the bankruptcy court's decision in *Petrelli* is consistent with this

Court's Rooker-Feldman analysis set forth above.

15. But the facts of this case are different than those of *Petrelli*.  In state court, Plaintiff filed a

certification admitting that she entered into a mortgage agreement with Countrywide and

attaches both the mortgage agreement and note as exhibits.[26]  The mortgage and note submitted

with Defendant's proof of claim seem to be exactly the same as those submitted by Defendant

in the state court Foreclosure Action.  Thus, unlike in *Petrelli* where the debtor directed the

court to glaring differences in the notes to support her claims of fraud upon the court, Plaintiffs

here have not.  The Court granted additional time for the parties to submit supplemental filings

and address the alleged differences between Defendant's proof of claim and its submissions in

state court.  Though Plaintiff has alleged that were discrepancies between the note and

mortgage attached to the state court foreclosure pleadings and those submitted with the

Defendant's proof of claim, no proof has been provided.

## Preclusion Law

16. Although the Court is not deprived of jurisdiction under Rooker-Feldman, it must consider

whether Plaintiff's claims are barred by preclusion law.  In *Great Western*, the Court found in

cases where the Rooker-Feldman doctrine does not apply, "disposition of the federal action,

once the state-court adjudication is complete, would be governed by preclusion law."[27]

Whether a state court judgment should have preclusive effect in a federal action is governed

---

[25] *Id.* at 6.
[26] Certification of Nicaury Miller, ECF No. 7, at Ex. K, ¶ 3.
[27] *Great Western Mining*, 615 F.3d at 170 (quoting *Exxon Mobil* at 1527).

**Page 12**

Debtor:               Terry E. Miller and Nicaury Miller
Case No.:             17-33747 (Adv. Pro. No. 18-01247 JKS)
Caption of Order:     **Decision and Order Regarding Defendant's Motion to Dismiss Adversary Complaint**

by the law of the state where judgment was entered.[28]   New Jersey's Entire Controversy

doctrine is characterized by the Third Circuit as "New Jersey's specific, and idiosyncratic,

application of traditional res judicata principles."[29]   The Third Circuit found the doctrine

"applies in federal courts when there was a previous state action involving the same

transaction."[30] It "embodies the principle that the adjudication of a legal controversy should

occur in one litigation in only one court; accordingly, all parties involved in a litigation should

at the very least present in that proceeding all of their claims and defenses that are related to

the underlying controversy."[31]   New Jersey Court Rule 4:30A states: "[n]on-joinder of claims

required to be joined by the entire controversy doctrine shall result in the preclusion of the

omitted claims to the extent required by the entire controversy doctrine."[32]   It is limited in

foreclosure actions, however, to only "germane" counterclaims.[33]

17.  Thus, the issue is whether the claims raised by the Plaintiffs in this adversary proceeding would

     have been "germane" claims that could have been raised as defenses or counterclaims in the

     state court Foreclosure Action.  If so, such claims are precluded under New Jersey law.  One

     of the early leading cases in New Jersey considering the types of claims and defenses that are

     germane to foreclosure proceedings is *Leisure Technology-Northeast, Inc. v. Klingbeil*

     *Holding Co.*[34]  This court reasoned that since the entire controversy doctrine requires that a

---

[28] See *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 357 (3d Cir. 1999).
[29] *Ricketti v. Barry*, 775 F.3d 611, 613 (3d Cir. 2015).
[30] *Id.*
[31] *Wadeer v. N.J. Mfrs. Ins. Co.*, 110 A.3d 19, 27 (N.J. 2015).
[32] R. 4:30A.
[33] R. 4:64-5.
[34] *Leisure Technology-Northeast, Inc. v. Klingbeil Holding Co.*, 349 A.2d 96 (N.J. Super. Ct. App. Div. 1975).

**Page 13**

Debtor:              Terry E. Miller and Nicaury Miller
Case No.:            17-33747 (Adv. Pro. No. 18-01247 JKS)
Caption of Order:    **Decision and Order Regarding Defendant's Motion to Dismiss Adversary Complaint**

party litigate all aspects of a controversy in a single proceeding, counterclaims by a borrower against a foreclosing mortgage lender that arises out of the mortgage transaction are germane to the foreclosure action.[35]  The *Leisure Technology* decision was widely applied in the New Jersey courts.

18. But in 1992, New Jersey Court Rule 4:64-5 was adopted "for the purpose of defining germane and non-germane claims in foreclosure actions."[36]  It provides: "Non-germane claims shall include, but not be limited to, claims on the instrument of obligation evidencing the mortgage debt, assumption agreements and guarantees."[37]  One would think that the language of this rule – describing "claims on the instrument of obligation evidencing the mortgage debt" as "non-germane" – would operate to limit the broad scope of germane counterclaims described in *Leisure Technology*.  But that has not been the case.  Various appellate cases in New Jersey decided after 1992 have held that recoupment claims, claims based on fraud and breach of contract, and claims relating to loan modifications are germane defenses in a foreclosure action.[38]  All of these cases still refer to *Leisure Technology* to evaluate what a germane counterclaim is in the context of a foreclosure action.

19. The Foreclosure Judgment in this case established that the Defendant's claim was for $531,259.88 (plus $5,462.60 in counsel fees), that the Defendant's mortgage was valid, and that it had the right to foreclose on the Plaintiffs' property to recover its claim.  These findings

---

[35] *Id.* at 98.
[36] Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 4:64-5 (2018).
[37] R. 4:64-5.
[38] *Adelman v. BSI Fin. Servs., Inc.*, 179 A.3d 431, 435-36 (N.J. Super. Ct. App. Div. 2018); *Assocs. Home Equity Servs., Inc. v. Troup*, 778 A.2d 529, 539-40 (N.J. Super. Ct. App. Div. 2001); *Sun NLF Ltd. P'ship v. Sasso*, 713 A.2d 538, 540 (N.J. Super. Ct. App. Div. 1998).

**Page 14**

Debtor:                Terry E. Miller and Nicaury Miller
Case No.:              17-33747 (Adv. Pro. No. 18-01247 JKS)
Caption of Order:  **Decision and Order Regarding Defendant's Motion to Dismiss Adversary Complaint**

will not be relitigated in this Court.  As the appellate court in *Associates Home Equity Services,*

*Inc. v. Troup* observed, "[A] foreclosure action is not strictly an *in rem* proceeding.  It is a

quasi *in rem* procedure . . . to determine not only the right to foreclose, but also the amount

due on the mortgage."[39]

20. Plaintiffs' claims in this adversary proceeding seek to:  challenge the amount of Defendant's

claim; recoup damages against the Defendant; and challenge Defendant's standing to foreclose

on its mortgage.  All of these claims either were raised in the Foreclosure Action, or could have

been since they were "germane."  Thus, all of Plaintiff's claims must be dismissed under New

Jersey preclusion law.


Now, therefore, it is hereby **ORDERED**:


1.        For the foregoing reasons, Defendant's Motion to Dismiss Plaintiffs' Adversary Complaint

          is granted.

---

[39] *Assocs. Home Equity Servs., Inc.,* 778 A.2d at 540.